IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHEYENNE WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-882-RAH-SMD |
| | ) | |
| GRAND SOUTH SENIOR LIVING, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER & RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 5, 2025, pro se plaintiff Cheyenne Warren ("Warren") filed this action against Grand South Senior Living ("Grand South") asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k). Compl. (Doc. 1). Warren also filed a Motion to Proceed *in Forma Pauperis* (Doc. 2), along with the Court's long-form financial affidavit (Doc. 2-1). Upon consideration of Warren's motion and supporting affidavit, it is ORDERED that the motion (Doc. 2) is GRANTED. Therefore, Warren's complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). As explained below, Warren's complaint is time-barred and due to be dismissed without opportunity to amend.

I.   **LEGAL STANDARDS**

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A finding of legal frivolousness is appropriate when, *inter alia*, the plaintiff "seeks to enforce a right which clearly does not exist." *Tucker v. Trump*, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017) (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

II.   **ANALYSIS**

Warren failed to timely exhaust her administrative remedies as required by Title VII. Federal law requires that any person alleging a Title VII claim must, before seeking judicial relief, file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") no more than 180 days after the last alleged discriminatory and

unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Title VII actions may not be brought more than 90 days after a complainant receives a Notice of a Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Failure to exhaust these administrative remedies requires the court to dismiss Title VII claims as untimely. *See Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001) (affirming district court's dismissal of the plaintiff's Title VII claims for failure to timely file an administrative charge with the EEOC within 180 days of the alleged unlawful employment practice); *Norris v. Fla. Dep't. of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984) (affirming dismissal of a complaint filed 91 days after plaintiff received her right to sue letter). Eleventh Circuit precedent requires the 90-day limitations period to be analyzed "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)).

Warren does not provide the date on which she received her Notice of Right to Sue letter[1]; however, Warren attached several correspondences from the EEOC to her complaint, including a Right to Sue letter and a follow up communication about the Right

---

[1] Warren's complaint states: "Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on [insert date], and this complaint is being filed within 90 days of receipt of that notice." Compl. (Doc. 1) p. 1. Absent a factual allegation of the actual date of receipt, this statement is merely a formulaic recitation of an element of a Title VII claim that is not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

to Sue letter. Compl. Attach. (Doc. 1-1) pp. 3-4. The Right to Sue letter was issued on July 22, 2025. *Id.* at 4. On that date, the EEOC sent Warren an email notification and advised her to download the document from her EEOC portal. *Id.* at 3. On August 1, 2025, the EEOC sent a second correspondence to Warren by mail and enclosed a copy of her Right to Sue letter that was issued on July 22, 2025. *Id.* Warren filed this action on November 5, 2025. Compl. (Doc. 1). As explained below, her claims are untimely based on either receipt of the email or the physical mail.

In recent years, the EEOC has transitioned to electronic communications to deliver right-to-sue notices. *See Nascimben v. Feld Ent., Inc.*, 2024 WL 3673706, at *3 (M.D. Fla. Aug. 6, 2024) ("Apparently, giving notice using the postal service is no longer automatic, and the EEOC may use exclusively email to send notice."). While the Eleventh Circuit has not addressed when an EEOC email communication is presumed received, district courts within the Eleventh Circuit have concluded that the email is received—and the 90-day filing deadline begins to run—on the day the email is sent. *Morrison v. Synovus Bank*, 2025 WL 2207409, at *4 (S.D. Fla. Aug. 4, 2025) ("[W]hen a plaintiff receives an email from the EEOC that her Notice is available on the online public portal, the plaintiff has 'adequate notice' and must begin diligently pursuing her claims."); *Laliberte v. DG Distribution Se., LLC*, 2024 WL 4933323, at *4 (M.D. Ga. Dec. 2, 2024) (plaintiff had adequate notice on the day her attorney "received an email notification that 'an important document' had been uploaded to the EEOC portal."). This is consistent with the weight of authority from the Seventh and Eighth Circuits. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (holding that the 90-day filing window commenced on the date the plaintiff received the

4

email, not the day he opened the attachment); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) (finding that plaintiff received notice of her right to sue "when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal"). This Court should adopt this approach and presume that an EEOC email communication is received the day the email is sent. This will ensure plaintiffs cannot manipulate the 90-day time limitation by simply refraining from checking their email. *Zillyette*, 179 F.3d at 1341. Presuming receipt on July 22, 2025, Warren's claims became time-barred on October 20, 2025, which is 90 days after the EEOC emailed her notice of her right to sue.

Regarding the physical mail correspondence from the EEOC, it is generally presumed that mail is received three days after its issuance. *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Zillyette*, 179 F.3d at 1342 ("Providing a three-day period also provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue."). The EEOC mailed a second correspondence to Warren on August 1, 2025, including a copy of her Right to Sue letter that was issued on July 22, 2025. Compl. Attach. (Doc. 1-1) p. 3. Because Warren does not allege when she received this letter, the undersigned will apply the three-day presumption and presume it was received on August 4, 2025. Presuming receipt on August 4, 2025, Warren's claims became time-barred on November 2, 2025, which is 93 days after the EEOC mailed their second correspondence.

Warren filed this action on November 5, 2025, rendering her claims untimely based on either receipt of the email or the physical mail correspondence. Thus, Warren failed to

exhaust her administrative remedies, and her complaint is due to be dismissed as time-barred.

## III. OPPORTUNITY TO AMEND

Generally, a pro se plaintiff must be afforded at least one opportunity to amend her complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, Warren failed to file her complaint within 90 days of receiving her Notice of Right to Sue, and no amendment can cure this deficiency. *Garcia*, 336 F. App'x at 859. Therefore, her complaint should be dismissed without opportunity to amend. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend [her] complaint, a district judge need not allow an amendment where amendment would be futile.")[2]

## IV. CONCLUSION

Because Warren's complaint is time-barred, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Warren's complaint (Doc. 1) be dismissed prior to service of process in accordance

---

[2] Notably, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation here of dismissal without amendment. As explained in section IV of this Recommendation, Warren may file objections to the undersigned's findings, thus affording her the opportunity to be heard about the deficiencies of her complaint prior to its dismissal.

with 28 U.S.C. § 1915(e)(2)(B) and that Warren not be afforded an opportunity to amend. Further, it is

ORDERED that Warren shall file any objections to this Recommendation **on or before December 8, 2025**. Warren must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Warren from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of November, 2025.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE